IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ASANTE S. GUILFORD, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action File No. |
| MARKETSTAR CORPORATION, et al., | : | 1:08-CV-0336-CC |
| Defendants | : | |

**ORDER**

This case is before the court on the Motion to File Exhibit A to the Declaration of John Klekner Under Seal [Doc. 61] filed by Defendants Cisco Systems, Inc., Cisco Systems Sales & Services and Cisco Systems Capital Corporation. Defendants request that Exhibit A to the Declaration of John Klekner, filed in support of Defendants' motion for summary judgment [Doc. 60] be filed under seal because that exhibit, the Master Service Agreement between Defendants Cisco Systems, Inc. and MarketStar Corporation, "contains proprietary business information that the Cisco Entities desire to keep confidential." (Doc. 61, ¶¶ 3, 4). Defendants also request that Exhibit A to the Declaration of Karen King, filed by Defendant Omnicom Group Inc. in support of its motion for summary judgment [Doc. 58] be removed and filed under seal as it is a copy of the Master Service Agreement. (Doc. 61, ¶¶ 6-8). Plaintiff did not file a response to Defendants' motion to seal, and therefore, it appears that she does not oppose the motion. See LR 7.1B, NDGa. ("Failure to file a response shall

indicate that there is no opposition to the motion.").

## **Discussion**

The principles governing the issue presented in Defendants' motion are well-established. "The public has a right of access to inspect judicial records." Martin v. City of Dothan, No. 1:05-cv-1172-MEF(WO), 2008 U.S. Dist. LEXIS 13923, at *58 (M.D. Ala. Feb. 25, 2008) (citing Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001)); see also Scarborough v. Nat'l. Assn. of Surety Bond Producers, No. 8:05-cv-1544-T-30TBM, 2008 U.S. Dist. LEXIS 27880, at *2 (M.D. Fla. Apr. 7, 2008) ("The right of access to judicial records pursuant to common law is well established." (citations omitted)). "The nature and scope of this right depends upon the nature of the documents at issue." Martin, 2008 U.S. Dist. LEXIS 13923, at *58 (citing Chi. Tribune, 163 F.3d at 1310-15). "Unlike documents exchanged in discovery, documents filed in connection with a dispositive motion are subject to the common law right of access." Id. (citing Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007)). "A party opposing public access must show good cause for why the information should be kept confidential." Id. (citing Romero, 480 F.3d at 1246). "The Court must balance the interest in keeping the information confidential against the public interest in accessing the information." Id. at *58-59; see also Scarborough, 2008 U.S. Dist. LEXIS 27880, at *2 ("When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any competing interest." (citing Newman v.

2

Graddick, 696 F.2d 796, 803 (11th Cir. 1983)). "When parties request an order restricting access to pleadings and evidence filed with the court, such a request must be subject to heightened scrutiny." Scarborough, 2008 U.S. Dist. LEXIS 27880, at *2.

In this case, Defendants simply assert that the Master Service Agreement, which was presented in support of Defendants' motions for summary judgment (see Docs. 58 & 60) and considered by the undersigned in evaluating those motions,[1] "contains proprietary business information that the Cisco Entities desire to keep confidential." (Doc. 61, ¶¶ 3, 4). Defendants do not explain, or make any showing, how the Master Service Agreement contains proprietary information, and they have made no showing of good cause for keeping the Agreement confidential in the face of the public's right of access to judicial records.

Accordingly, Defendants' motion to seal [Doc. 61] is **DENIED without prejudice** to the right of Defendants to re-file the motion in order to provide justification for sealing the Master Service Agreement.

---

[1] The undersigned has issued a separate Report and Recommendation concerning those motions.

**IT IS SO ORDERED**, this 30th day of January, 2009.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge