IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ASANTE S. GUILFORD, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action File No. |
| MARKETSTAR CORPORATION, et al., | : | 1:08-CV-0336-CC-SSC |
| Defendants | : | |

## **ORDER**

Presently before the court are Plaintiff's Motion for Oral Argument [Doc. 66]; Plaintiff's Motion for a Hearing [Doc. 68]; and Plaintiff's "Motion to Recuse Judge Susan S. Cole Pursuant to Johnson v. District Court, 674 P.2d 952 (1984)" [Doc. 67].

## **Procedural History**

Plaintiff, who is proceeding *pro se*, filed this civil action on December 28, 2007 against several individuals (who have since been removed as defendants (see Doc. 3)) and against several corporate entities, including MarketStar Corporation; Cisco Systems, Inc.; Cisco Systems Sales & Services d/b/a Cisco Systems, Inc.; Cisco Systems Capital Corporation d/b/a Cisco Systems, Inc.; and Omnicom Group Inc. d/b/a Omnicom Management, Inc. [Doc. 2]. In her complaint, Plaintiff asserts that the corporate entities were her employer (see Compl., ¶¶ 4, 10, 13) and, among other things, that Defendants discriminated against her because of her race, in violation of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981, and retaliated against her for "reporting racially discriminatory conduct . . . ." (See Compl., ¶¶ 18-27; see also Count Four of Compl.). Plaintiff asserts several additional claims, including a number of state law claims.

On April 28, 2008, Defendant MarketStar Corporation filed its answer. [Doc. 19]. On that same date, Defendants MarketStar Corporation, Omnicom Group, Inc. ("Omnicom") and Cisco Systems, Inc., Cisco Sales & Services, and Cisco Systems Capital Corporation ("the Cisco defendants") filed a motion to dismiss Plaintiff's complaint "pursuant to Fed. R. Civ. P. 12(b)(6) and other applicable law." [Doc. 20]. Plaintiff filed multiple responses in opposition to Defendants' motion. (See Docs. 24, 34).

In an Order signed on August 21, 2008 [Doc. 49], the court stayed this action pending resolution of Defendants' motion to dismiss, and converted Defendants' motion to dismiss to a motion for summary judgment. In that Order, the court directed Defendants to file supplemental briefs and supporting materials no later than September 22, 2008 and directed Plaintiff to provide any supplemental response to Defendants' motion no later than October 15, 2008. (Id. at 6).

On August 29, 2008 Plaintiff filed a motion to stay proceedings [Doc. 51 (filed under seal)], seeking to stay this action because of personal issues. The court denied the motion to stay as moot by Order signed September 16, 2008 [Doc. 57], but, in order to accommodate the concerns Plaintiff raised in her motion

2

to stay, the court amended the briefing schedule by directing Defendants to file their supplemental briefs and material no later than December 12, 2008, and directing Plaintiff to file any supplemental response no later than January 5, 2009.

Omnicom and the Cisco defendants then filed supplemental motions for summary judgment as directed on December 11 and 12, 2008. (Docs. 58 & 60, respectively). On January 5, 2009, the date Plaintiff's response was due to be filed, Plaintiff filed a motion for extension of time [Doc. 64], seeking a 90-day extension of time to file her response. Plaintiff listed a number of reasons for the requested extension, including her mother's health problems, Plaintiff's health problems, and Plaintiff's graduate studies. (Id.). In an Order signed January 8, 2009 [Doc. 65], the undersigned denied Plaintiff's motion for a 90-day extension of time to respond to Defendants' motions for summary judgment, but extended the deadline to file her response until January 16, 2009.[1]

Plaintiff did not file a response to Defendants' motions for summary judgment on January 16, 2009. Instead, she filed a motion for oral argument [Doc. 66], a motion for a hearing [Doc. 68] and a motion to recuse the undersigned [Doc. 67].[2]

---

[1] The court attempted to call Plaintiff to schedule a teleconference with Plaintiff and counsel for Defendants to discuss Plaintiff's motion. However, Plaintiff did not return the court's telephone calls until after the Order [Doc. 65] was sent to Plaintiff.

[2] The undersigned has addressed Defendants' motion to dismiss [Doc. 20] and motions for summary judgment [Docs. 58 & 60] in a separate Report and Recommendation.

3

## Discussion

**A.     Motion for Oral Argument [Doc. 66] and Motion for a Hearing [Doc. 68]**

In her "Motion for Oral Argument," Plaintiff asserts that "Judge has confused Plaintiff. Plaintiff has not been given the opportunity to prove her case and the case [has] abruptly gone to summary judgment." [Doc. 66]. In her "Motion for a Hearing," Plaintiff asserts that "the Judge confused Plaintiff because the initial order stated that Defendants would file the motion around January 20th and Plaintiff would respond within 10 days," and that she "is confused as to what is going on and as to why she was denied any discovery." [Doc. 68].

In the first place, in the court's "initial order" converting Defendants' motion to dismiss into a motion for summary judgment [Doc. 49], the court directed Defendants to supplement their filings no later than September 22, 2008, and directed Plaintiff to file any supplemental response no later than October 15, 2008 (see id. at p. 6). In the court's second order concerning these filing deadlines [Doc. 57], the court directed Defendants to file their supplemental materials no later than December 12, 2008 and directed Plaintiff to file any supplemental response no later than January 5, 2009. (See id. at p. 2). There is no Order stating "that Defendants would file the motion around January 20th and Plaintiff would respond within 10 days," as Plaintiff asserts.

The undersigned next considers Plaintiff's contentions that "she was denied any discovery" and that she "has not been given the opportunity to prove her case and the case [has] abruptly gone to summary judgment." As noted, on April 28,

4

2008, Defendants filed a motion to dismiss several of Plaintiff's claims, based on a number of arguments, including the contention that certain Defendants were not Plaintiff's employer, that Plaintiff failed to state a claim as to a number of her claims, and that the applicable statute of limitations bars some of Plaintiff's state law claims. (See Doc. 20). Several of Plaintiff's claims can be resolved without considering matters outside the complaint, and therefore, no further discovery would have been necessary in order to respond to Defendants' motion to dismiss those claims, as the only relevant consideration was the face of the complaint itself.[3] Moreover, Plaintiff filed two responses to Defendants' motion to dismiss. (See Docs. 24 & 34).

As for Defendants' arguments about their status as Plaintiff's employer, the court explained in its August 21, 2008 Order [Doc. 49] that resolution of this issue requires consideration of materials outside the complaint. Therefore, the court converted the motion to dismiss to a motion for summary judgment in order to provide the parties an opportunity to supplement their filings on this issue. (See id. at pp. 5-6). Plaintiff then filed a motion to stay proceedings [Doc. 51 (filed under seal)], in which she requested that the proceedings be stayed due to her mother's medical problems and Plaintiff's status as a full-time graduate student. Notably, Plaintiff did not indicate in that motion that she required additional time

---

[3] Those claims include Counts Five, Six, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen and Eighteen of Plaintiff's complaint, as discussed in the undersigned's Report and Recommendation addressing Defendants' motion to dismiss [Doc. 20] and motions for summary judgment [Docs. 58 & 60], which has been filed separately.

in order to pursue discovery on the issue of which defendant or defendants were her employer.  Nor did she indicate what additional discovery she needed to conduct on that issue.

After Omnicom and the Cisco defendants filed their motions for summary judgment based on the argument that they were not Plaintiff's employer [Docs. 58 & 60], Plaintiff sought a 90-day extension of time to file her response [Doc. 64], based on her mother's health problems, Plaintiff's health problems and Plaintiff's graduate studies.  Again, Plaintiff did not indicate in that motion that she needed additional time to conduct discovery on the issue of which defendant or defendants were her employer, nor did indicate what discovery she needed in order to respond to Defendants' motions.

> Fed. R. Civ. P. 56(f) provides:
>
> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

Although Plaintiff has sought stays and extensions of time based on personal reasons, she has not sought a continuance or extension in order to pursue discovery on the employer issue, nor has she shown what additional discovery she needs in order to respond to Defendants' motions on that issue.  In fact, Plaintiff

6

filed responses to Defendants' motion to dismiss in which she addressed the employer issue, and she provided documents relevant to the issue in support of her response. (See Doc. 34). Accordingly, Plaintiff has failed to show that additional discovery is necessary in order for her to respond to Defendants' motions.[4]

Furthermore, Plaintiff has not shown that a hearing or oral argument is necessary to decide Defendants' motions, and the undersigned finds that a hearing is not necessary. See LR 7.1E, NDGa. ("Motions will be decided by the court without oral hearing, unless a hearing is ordered by the court."); see also Hill v. Bank of Am., N.A., No. 1:06-CV-00804-GET, 2007 U.S. Dist. LEXIS 39925, at *3 (N.D. Ga. June 1, 2007) ("The court concludes that oral argument [on the plaintiffs' motion for summary judgment] is not required or necessary in the present case. Accordingly, plaintiffs' motions for oral argument . . . are DENIED.").

For the foregoing reasons, Plaintiff's motion for oral argument [Doc. 66] and motion for a hearing [Doc. 68] are **DENIED**.

B.   **Plaintiff's Motion to Recuse [Doc. 67]**

Plaintiff moves the undersigned "to recuse herself and order a new trial" on the grounds that

---

[4]To the extent that Plaintiff contends that no motions for summary judgment may be filed until after the discovery period is complete, Fed. R. Civ. P. 56(a) provides in relevant part that a motion for summary judgment "may be filed at any time after: (1) 20 days have passed from commencement of the action . . . ."

7

said judge is biased and prejudiced against the Plaintiff and for the further reason that she is biased and prejudiced against pro se litigants who bring more than one case in district court and continues to make reference to cases that are distinct and separate matters and continues to use them as a basis for rulings and orders against Plaintiff, in favor of Defendants in cases that are not related.

(Doc. 67, p. 1). Specifically, Plaintiff complains that the undersigned "went as far as to disclose to the opposing party, Counsel for Defendants, a pending case Guilford v. E-Trade, which is filed under seal, in an effort to lash out at the Plaintiff and to support her rulings and orders." (Id.). Plaintiff also complains that she "was denied due process, to which she is entitled under the United States Constitution," and that she "complied with the requirements as set forth by the Judge and yet was denied any discovery, yet Counsel for the Defendants, made a huge mistake and said judge allowed them to correct it and file a summary judgment." (Id.).

Plaintiff cites authority from the state of Colorado in support of her motion to recuse. (Id. at pp. 2-3). However, Plaintiff's motion is properly considered in light of the standards set forth in the two statutes governing recusal, 28 U.S.C. §§ 144 & 455, and relevant federal case law.

1. **28 U.S.C. § 144**

28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

In <u>Everson v. Liberty Mut. Assur. Co.</u>, 1:05-CV-2459-RWS, 2008 U.S. Dist. LEXIS 30244 (N.D. Ga. Apr. 14, 2008), United States District Judge Richard Story of this court explained how this statute is applied:

> Where a litigant submits a sufficient affidavit and certificate, recusal is mandatory; the presiding judge may take no further action in the litigant's case. See <u>United States v. Alabama</u>, 828 F.2d 1532, 1540 (11th Cir. 1987)[, <u>cert. denied</u>, 487 U.S. 1210 (1988)]. The statute's requirements, however, are strictly enforced. See, e.g., <u>United States v. Sykes</u>, 7 F.3d 1331, 1339 (7th Cir. 1993) ("Because the statute is heavily weighed in favor of recusal, its requirements are to be strictly construed to prevent abuse.") (internal quotations omitted). Moreover, while a court must take as true all of the facts stated in the affidavit ("even when the court knows these allegations to be false"), see <u>United States v. Alabama</u>, 828 F.2d at 1540, the statements at issue must be such "that [they] would convince a reasonable person that bias actually exists." <u>Christo v. Padgett</u>, 223 F.3d 1324, 1333 (11th Cir. 2000)[, <u>cert. denied</u>, 531 U.S. 1191 (2001)]. The alleged facts must be "material and stated with particularity" and "show that the bias is personal, as opposed to judicial, in nature." <u>United States v. Alabama</u>, 828 F.2d at 1540.

<u>Everson</u>, 2008 U.S. Dist. LEXIS 30244, at *3-4.

Plaintiff's motion to recuse, when evaluated under § 144, must be denied. Plaintiff did not file an affidavit with her motion, and she did not accompany it with a certificate of counsel stating that her motion is made in good faith, as required by § 144. "In light of the mandatory and automatic nature of recusal under the statute, its potential for abuse, and the availability of other statutory

9

mechanisms pursuant to which an unrepresented litigant may seek the recusal of a federal judge, the absence of such a certificate has proven fatal to even the § 144 motions of *pro se* litigants." Id. at *4 (citing multiple cases). In light of these procedural deficiencies which "alone compel the denial [of] Plaintiff's motion," id. at *5, the court need not consider the substantive deficiencies in Plaintiff's motion.

### 2. 28 U.S.C. § 455

28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b) provides in relevant part: "He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party . . . ."[5] Unlike motions to recuse under § 144, a motion to recuse under § 455 "does not invite recusal whenever it is requested by a party." Everson, 2008 U.S. Dist. LEXIS 30244, at *6-7.[6] Rather, "[u]nder § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo, 223 F.3d at 1333 (citing United States v. Kelly, 888 F.2d 732, 744-45 (11th Cir. 1989)).

In support of her motion, Plaintiff appears to rely on: the undersigned's rulings that were adverse to Plaintiff; alleged preferential treatment of Defendants over Plaintiff; and the undersigned's reliance on other cases filed by Plaintiff, and

---

[5] The other provisions of § 455(b) are not implicated in this case.

[6] Furthermore, while "motions to recuse under § 455 . . . may be referred to a judicial colleague for review," they "are typically decided by the presiding judge." Everson, 2008 U.S. Dist. LEXIS 30244, at *7 (citations omitted).

10

referred to the undersigned, to deny her motion for extension of time. Except for allegations and statements of personal belief, Plaintiff has failed to make any factual showing that the undersigned has a personal bias against her. But, "unlike in the context of § 144, it is the facts, not the movant's allegations, that control the propriety of recusal." Everson, 2008 U.S. Dist. LEXIS 30244, at *7.

Although Plaintiff complains of decisions the undersigned has made, adverse rulings are insufficient to call into question the court's impartiality and do not support recusal under § 455. See, e.g., Everson, 2008 U.S. Dist. LEXIS 30244, at *8 (recusal pursuant to § 455 not warranted where the plaintiff's "assertions of partiality (and, presumably, the appearance of partiality) rest only on the contention that the undersigned rendered unfavorable decisions against Plaintiff in two prior cases and declined to grant her judgment as a matter of law in the instant action."); see also Smith v. Hildebrand, 244 F. App'x 288, 290 (11th Cir. 2007) (unpublished decision) (denial of motion to recuse not abuse of discretion where "Smith primarily challenged prior adverse rulings and in no way enumerated objective reasons to call the judge's impartiality into doubt").

Plaintiff also appears to allege that the undersigned has treated her unfairly by "den[ying Plaintiff] any discovery" while "allow[ing]" Defendants to correct "a huge mistake" by filing a motion for summary judgment. (Doc. 67, p. 1). As already explained *supra* in the analysis of Plaintiff's motions for oral argument and a hearing, Plaintiff has not sought to conduct discovery in order to respond to Defendants' motions for summary judgment, nor has she shown a need for

discovery on the issues relevant to those motions. Furthermore, the undersigned did not "allow" Defendants to correct a mistake by filing a motion for summary judgment. Rather, Defendants' motion to dismiss was properly converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The undersigned then allowed Plaintiff and Defendants to supplement their filings.

Finally, the fact that the undersigned has taken into consideration Plaintiff's actions in other cases before the undersigned does not demonstrate that the undersigned is biased against Plaintiff. The undersigned has not, as Plaintiff asserts, "taken a somewhat eerie and unhealthy interest in the Plaintiff's cases." (Doc. 67, pp. 1-2). Rather, in the Order denying Plaintiff's request for an additional 90-day extension [Doc. 64], the undersigned cited to Plaintiff's other cases to demonstrate Plaintiff's familiarity with court rules, procedures and deadlines--in contrast to the typically inexperienced *pro se* litigant--and to call into question Plaintiff's assertion that she requires additional time to comply with the court's deadlines. (See Doc. 65).[7] By citing Plaintiff's other lawsuits in the

---

[7] In the undersigned's January 8, 2009 Order [Doc. 65], the undersigned wrote:

While the court is sympathetic to the reasons cited by Plaintiff in her most recent motion for a 90-day extension, and to her *pro se* status, the court notes that Plaintiff previously filed and pursued two civil actions in this court (see Guilford v. Verizon Directories, Civil Action No. 1:04-cv-1243-CC and Guilford v. The Hertz Corp., Civil Action No. 1:06-cv-2009-GET), and she is therefore aware of the time that is required to prosecute such actions and the need to prosecute such actions

Order denying Plaintiff's request for an extension of time, the undersigned made no findings about the merits of those lawsuits, or this one, and the fact that the undersigned has referred to Plaintiff's other cases does not support a showing of bias.

The undersigned is not personally biased against Plaintiff as the result of her filing other complaints or for any other reason. Furthermore, the undersigned "is of the view that no reasonable observer fully apprised of the facts could question [her] impartiality in the instant action." Everson, 2008 U.S. Dist. LEXIS 30244, at *8.

Plaintiff has not satisfied the mandatory requirements for recusal under § 144. She has also failed to show, pursuant to § 455, that "an objective, fully informed lay observer would entertain significant doubt about the [undersigned's] impartiality." Christo, 223 F.3d at 1333. Accordingly, Plaintiff's motion to recuse the undersigned [Doc. 67] is **DENIED**.

## Summary

Plaintiff's Motion for Oral Argument [Doc. 66], Plaintiff's Motion for a Hearing [Doc. 68] and Plaintiff's "Motion to Recuse Judge Susan S. Cole Pursuant

---

in a timely manner. The court also notes that, despite the factors listed by Plaintiff in support of her motion for an extension of time, she was able to prepare and file a 21-page complaint in a fourth civil action, filed *pro se* in this court on December 1, 2008 (see Guilford v. E-Trade Corp., Civil Action No. 1:08-mi-423). (Doc. 65, p. 4).

Contrary to Plaintiff's assertion, her most recent complaint is not under seal. United States District Court Judge Clarence Cooper denied her motion to file that case under seal (see Doc. 4, Guilford v. E-Trade Corp., No. 1:08-mi-423), and her complaint is therefore public record.

13

to Johnson v. District Court, 674 P.2d 952 (1984)" [Doc. 67] are **DENIED**.

**IT IS SO ORDERED**, this 30th day of January, 2009.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge